UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------
PENSION BENEFIT GUARANTY CORPORATION,

                    Petitioner,

    - against -

TREES R' US, INC.,
As plan administrator of the
Trees R'Us Defined Benefit Plan,

                    Respondent.
---------------------------------------------------------------

No. 23-MC-0101 (JS)(AYS)

**ORDER of CONTINUED CONTEMPT and DIRECTING ISSUANCE OF WARRANT**

APPEARANCES
For Plaintiff:    Jason L. Alexander, Esq.
                    Simon J. Torres, Esq.
                    Pension Benefit Guaranty Corporation
                    Office of General Counsel
                    445 12th Street, S.W.
                    Washington, D.C.  20024-2101

For Defendant:   Kenneth S. Feraru, Esq.
                    Kenneth S. Feraru, P.C.
                    200 Old County Road, Suite 2 South
                    Mineola, New York  11501-4242

SEYBERT, District Judge:

       **WHEREAS**, this action was commenced on January 9, 2023, to facilitate the efforts of Petitioner Pension Benefit Guaranty Corporation ("PBGC") in its longstanding efforts to obtain information from plan sponsor Respondent Trees R' Us, Inc. ("Trees") regarding a defined benefit pension plan, i.e., the Trees R' Us Defined Benefit Plan ("Benefit Plan").  (See Petition to

Enforce PBGC Subpoena, ECF No. 1 (hereafter, "Petition"))[1]; and

**WHEREAS**, the Court subsequently issued a Compliance Order (hereafter, "Compliance Order" (see ECF No. 13)) directing Trees to fully comply with a subpoena issued by the PBGC (i.e., the "Trees Subpoena"), issued in its investigation efforts, to collect certain information and documents regarding Trees' compliance (or non-compliance, as the case may be) with Trees' Benefit Plan obligations.  In its Compliance Order, inter alia, the Court: "**FURTHER ORDERED that RESPONDENT IS ON NOTICE: Failure to comply with this Order and the Trees Subpoena may be punished as contempt of this Court** as provided in, inter alia, 29 U.S.C. § 1303(c)." (Id. (emphases in original).); and

**WHEREAS**, despite the Compliance Order being served upon Trees (see Cert. of Serv., ECF No. 14), Trees failed to substantially comply with its obligations, thereby leading to the Court granting PBGC's contempt motion (see Contempt Motion, ECF No. 17; Contempt Order, ECF No. 18); and

**WHEREAS**, pursuant to the Contempt Order, in addition to finding PBGC in contempt of this Court's Compliance Order (see Contempt Order at 9), the Court afforded Trees a final opportunity

---

[1] The Court presumes the parties' familiarity with the facts underlying this case and provides herein only a summary necessary to make its ruling.  For a more detailed background, refer to the Court's July 17, 2023 Order Finding Respondent in Contempt of Court (hereafter, the "Contempt Order").  (See ECF No. 18.)

to purge its contempt by coming into compliance with the Compliance Order (see id. at 11-12) and specifically warning Trees of the consequences of not doing so, i.e.:

> **If [Trees] do[es] not purge [its] contempt by the expiration of the Five-Day Deadline, a daily fine will be imposed: For each of the first ten days after the Five-Day Deadline that Respondent[] remain[s] in contempt, a $250.00 fine will be imposed; and, if Respondent[] remain[s] in contempt thereafter, the fine will be increased to $500.00 per day**.

(Id. at 12 (emphases in original)); and

**WHEREAS**, despite sufficient service of the Contempt Order (see ECF No. 19 (Cert. of Serv.), which contained the Court's explicit warning (quoted above), Trees did not purge its civil contempt (see Alexander Sept. 1, 2023 Decl., ECF No. 20); and

**WHEREAS**, over the next 12 months, PBGC filed periodic status reports updating the Court that Trees still had not produced much of the information needed by PBGC to evaluate the Pension Plan. (See ECF Nos. 20, 22, 24, 26, 31, & 34.) Based upon these status reports, the Court issued further orders and, at times, increased the daily fines to which Trees would be subjected as a sanction for its continued contempt (see Case Docket); and

**WHEREAS**, in light of Trees' reported continued noncompliance and to facilitate a resolution of this case, on September 16, 2024, the Court held a telephonic hearing; thereafter, the Court issued an Order (1) directing PBGC to serve

- 3 -

Trees with a Request for Admissions regarding issues needed to be resolved (i.e., whether, pursuant to ERISA, the Pension Plan should be terminated, trusteed by PBGC, and then administered by it) by September 20, 2024, and giving Trees until October 4, 2024, to file its Admissions.  (See Sept. 16, 2024 Min. Entry, ECF No. 36.); and

**WHEREAS**, while Trees' subsequent responses provided PBGC with information it needed to evaluate the relevant ERISA plan termination criteria, PBGC still did not have the information needed to administer the Pension Plan if terminated and trusteed to PBGC.  (See Oct. 30, 2024 Status Report, ECF No. 41, at ¶8.) PBGC identified the additional information it sought from Trees and requested Trees be given 30 days to produce same.  (See id. at ¶¶9-10.); and

**WHEREAS**, the Court granted the Parties the requested 30 days to "afford Trees an opportunity to produce the requested information without further Court intervention."  (See id. at ¶10; see also Dec. 9, 2024 Elec. Status Report Order.); and

**WHEREAS**, on December 20, 2024, PBGC filed another Status Report informing the Court, inter alia, "[t]he only other document that PBGC is still requesting from Trees is a copy of Trees' most recent corporate tax return (the last one produced was for 2020 even though the company continued to operate for several years after that)."  (Dec. 20, 2024 Status Report, ECF No. 42, at ¶8.);

and

**WHEREAS**, as a result, on December 23, 2024, the Court issued its latest Status Report Order, adopting PBGC's proposal whereby Trees' would be given a final opportunity to produce certain identified and outstanding materials and PBGC would be given 30 more days to file another status report.  (See Dec. 23, 2024 Elec. Status Report Order.)  Of significance, the Court included the following warning:  "**TREES IS ON NOTICE**: The time has come and gone for Trees to be compliant with PBGC's requests for information, as well as with this Court's July 17, 2023 Contempt Order (ECF No. 18); therefore, if PBGC reports it has not received all the information it currently seeks, the Court will act upon its numerous subsequent warnings of issuing an arrest warrant for Trees' representative. (See Case Docket, in toto.)"  (Id.); and

**WHEREAS**, on January 31, 2025, PBGC timely filed its Status Report, pursuant to which it reported:  "[A]s of the date of this filing, Trees has not produced any additional information to fill the gaps in the record or provided an explanation as to why those gaps exist."  (ECF No. 43, at ¶11.)  As a result, "PBGC still does not have the information it would need to administer the Pension Plan if it is terminated and trusteed by the agency."  (Id.)  Respondent Trees has not responded to said Status Report.  (See Case Docket, in toto.)

**NOW, THEREFORE,** (1) having already found Trees in civil contempt, (2) finding Trees remain in contempt, having failed to purge said contempt notwithstanding the numerous additional opportunities afforded to it to do so, (3) having considered Trees was explicitly warned of the consequences of its continued civil contempt, but (4) Trees, through its long history of contumacious conduct that it will not fully cooperate with PBGC unless there are tangible consequences for refusing to do so, even <u>after</u> PBGC narrowed the scope of materials it sought (<u>see, e.g.</u>, Dec. 20, 2024 Status Report at ¶¶7-9),

**IT IS HEREBY ORDERED** that, the Clerk of Court issue a Warrant, contemporaneous with this Order, directing the U.S. Marshals Service to hold a representative of Trees'[2] in custody pending the purging of Trees' civil contempt as directed in the Court's (1) electronic May 24, 2024 STATUS REPORT ORDER and ORDER REGARDING CONTINUED CONTEMPT, and (2) electronic December 23, 2024 STATUS REPORT ORDER, as well as (3) its Contempt Order; and

**IT IS FURTHER ORDERED** that the U.S. Marshals Service is authorized: (1) to use all reasonable force necessary to effect the arrest of a representative of Trees; and (2) to make a

---

[2] Trees' owner and president is Tracey Recenello.  (<u>See</u> Pet., ECF No. 1, at ¶14; <u>see also</u> Baird Support Decl., ECF No. 1 at ECF pp.9-11, ¶3.)  Trees' secretary is Agnita Recenello, who is also Tracey Recenello's spouse.  <u>See, e.g.</u>, <u>Su v. Trees R' Us, Inc., et al.</u>, No. 24-CV-2472, Compl., ECF No. 1, at ¶¶ 14, 16 (E.D.N.Y. Apr. 2, 2024).

forceable entry into the residence of said representative of Trees, if required; and

**IT IS FURTHER ORDERED** that PBGC is to provide the U.S. Marshals Service with certified copies of: (1) this Order; (2) the Contempt Order (ECF No. 18), (3); the Court's electronic May 24, 2024 STATUS REPORT ORDER and ORDER REGARDING CONTINUED CONTEMPT; (4) the Court's electronic December 23, 2024 STATUS REPORT ORDER; and (5) the Warrant.  It is Plaintiffs' responsibility to pay the U.S. Marshals Service any fee(s) charged for executing the Warrant.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  March 17, 2025
        Central Islip, New York